J-S60015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: A.A., A MINOR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| APPEAL OF: K.D.A., MOTHER | |
| | No. 1006 EDA 2016 |

Appeal from the Order Entered March 7, 2016
In the Court of Common Pleas of Wayne County
Civil Division at No(s): CP-64-DP-2-2014

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

JUDGMENT ORDER BY SHOGAN, J.:          **FILED SEPTEMBER 12, 2016**

K.D.A. ("Mother") appeals from the permanency review order entered March 7, 2016, changing the permanency goal for A.A. ("Child"), born in November of 2009, to adoption and changing the concurrent goal to subsidized permanent legal custodian ("SPLC"), pursuant to section 6351 of the Juvenile Act, 42 Pa.C.S. § 6301-6365.

On January 17, 2014, Children and Youth Services ("CYS") filed an emergency petition for protective custody regarding Child, and obtained an order granting the petition and placing Child in foster care.  On January 21, 2014, CYS filed a petition for shelter care, which the trial court granted that same day.  On February 19, 2014, the trial court adjudicated Child

---

[*]  Retired Senior Judge assigned to the Superior Court.

dependent pursuant to 42 Pa.C.S. § 6302(1). The trial court held a series of permanency review hearings, and on September 11, 2014, found aggravated circumstances as to M.S. ("Father"). Additional permanency review hearings were held, and on July 27, 2015, the trial court suspended visitation with Mother and W.A. ("Maternal Grandfather") until a therapist introduced Child to Father. At a permanency review hearing on February 23, 2016, the trial court heard testimony from: CYS Assistant Director, Amy Bass; Mother; Maternal Grandfather; Father; and D.S. ("Paternal Grandmother"). On March 7, 2016, the trial court entered a three-page order that changed Child's permanency goal.

On March 28, 2016, Mother filed a notice of appeal along with a concise statement pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b), from the March 7, 2016 order. The trial court authored a Pa.R.A.P. 1925(a) statement consisting of three sentences.

Mother presents the following issue for our review:

Whether the trial court below erred as a matter of law and/or abused its discretion in Ordering a Goal Change from Reunification to Adoption after first having suspended Mother's visitation with (A.A.) seven (7) months earlier?

Mother's Brief at 5.

By failing to file a comprehensive written opinion with its order entered on March 7, 2016, and/or a Pa.R.A.P. 1925(a) opinion, the trial court did not provide a thorough analysis of the factors under section 6351(f) and (f.1) of the Juvenile Act, which a trial court *must* consider at a permanency review

hearing. ***See*** 42 Pa.C.S. § 6351(f) (providing that "[a]t each permanency hearing, a court *shall* determine all of the [enumerated factors in subsection (f)]. . ."[1] (emphasis added); ***id.*** § 6351(f.1) (listing the alternatives available to the juvenile court for the permanent placement of a dependent child). ***See also In re R.J.T.***, 9 A.3d 1179, 1186, 1187 n.10 (Pa. 2010) (setting forth the statutory factors and observing that a trial court is obligated to consider them at a permanency review hearing); ***id.*** at 1198 (Orie Melvin, J., dissenting) (opining that "[n]owhere in its opinion did the trial court either acknowledge its duty pursuant to 42 Pa.C.S. § 6351(f) . . . nor did it explain its evaluation of the considerations enumerated therein. The Superior Court was responsible for ensuring that the record represented a comprehensive inquiry, and that the trial court applied appropriate legal principles."). Accordingly, we are constrained to remand this matter for the trial court to set forth in detailed writing its evaluation of the evidence concerning the factors in 42 Pa.C.S. § 6351(f) and (f.1), in an opinion to be filed with this Court within thirty days of this Order.

Case remanded with direction. Panel jurisdiction retained.

---

[1] We also did not find any discussion by the trial court of the section 6351(f) and (f.1) factors on the record at the permanency review hearing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2016